**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

ROBERT SIMON, III                                                                                  PLAINTIFF

VS.                                                                            CIVIL ACTION NO.: 1:26-cv-39-JMV

COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

Before the Court are Plaintiff's motion [14] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), Plaintiff's memorandum in support of his motion [15], and Defendant's response [16].

In these proceedings, Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. This Court's Order [12] granted Defendant's unopposed motion to remand to the Social Security Administration for further proceedings. A party who obtains a remand in a social security appeal pursuant to the fourth sentence of 42 U.S.C. § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).[1]

Plaintiff, through his motion, seeks attorney fees in the amount of $1,508.00. In support of the motion, Plaintiff's counsel submitted a statement regarding the time expended litigating this action. According to the motion, Plaintiff's attorney spent a total of 5.8 hours on this case in 2026 at a rate of $260 per hour, amounting to $1,508.00 of total work.

---

[1] The fourth sentence of 42 U.S.C. § 405(g) states "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The Court, having thoroughly considered the motion, noting that the Defendant does not oppose the award of EAJA fees, and the applicable law, finds the award is reasonable, and that no special circumstance would make the award unjust.

Therefore, it is ordered that the Commissioner shall promptly pay Plaintiff $1,508.00 in attorney fees for the benefit of his counsel. As a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's attorney.

**SO ORDERED**, this the 15th day of June, 2026.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**